**Waymon Mickiangelo BERRY, III, Plaintiff—Appellant,**

v.

**Jeffrey L. BAKER, Co, Mule Creek State Prison; et al., Defendants–Appellees.**

No. 07–17397.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 30, 2009.

Waymon Mickiangelo Berry, III, Corcoran, CA, pro se.

Barry Alves, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Waymon Mickiangelo Berry, III, a California state prisoner, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging that defendants engaged in a conspiracy and retaliated against him for filing grievances against prison officials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

The district court properly granted summary judgment on Berry's First Amendment retaliation claim because Berry did not raise a genuine issue of material fact as to whether his placement in administrative segregation, his disciplinary charge, and his transfer to another prison facility failed to advance a legitimate penological interest. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005) (describing elements of a First Amendment retaliation claim).

It follows that the district court properly granted summary judgment on Berry's conspiracy claim. *See Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir.1989) (explaining that a plaintiff must show a deprivation of his constitutional rights to establish a conspiracy).

Berry's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).